

**ORDERED in the Southern District of Florida on June 17, 2014.**

Paul G. Hyman, Jr.
**Chief United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

In re:                                                            Case No. 14-17393-PGH
EDWARDS, WILLIAM VONN                             Chapter 13
SSN:   XXX-XX-9125
EDWARDS, BRENDA LEE
SSN:   XXX-XX-1006

                    Debtor                    /

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON PERSONAL PROPERTY HELD BY
<u>FREEDOM ROAD FINANCIAL ("LENDER")</u>**

THIS CASE came to be heard on **<u>June 12, 2014</u>** on the *Debtor's Motion to Value and Determine Secured Status of Lien on Personal Property* (DE **20**; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's personal property (the "Personal Property") more particularly described as follows:

  X   Motor vehicle described as follows:

   Year and Model of motor vehicle: **2009 Harley Davidson  FL**

**HTCU Ultra Classic Electra Glide**
Vehicle Identification Number (VIN #):**1HD1FC4189V622687**
Odometer reading: **29,393.00**

is $**9,912.42** at the time of the filing of this case.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ **9,912.42**.

3. **X** Lender filed a proof of claim (Claim #6) in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $*0.00*, regardless of the original classification in the proof of claim as filed. Lender's secured claim shall be paid through the plan at **5.25**% for a total of $**11,292.00**

4. The Personal Property may not be sold or refinanced without proper notice and further order of the Court.

5. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

6. Upon notification that the debtor has received a discharge, the creditor shall take all steps necessary to release the lien upon the personal property.

###

Prepared/Submitted by:
Brian J. Cohen, Esq.
Florida Bar No.: 142298
The Cohen Law Firm, P.A.
1700 University Drive, Ste. 210
Coral Springs, FL 33071
Phone (954)346-1400
Fax (954)346-0400

*Brian J. Cohen is directed to serve copies of this order on the parties listed and file a certificate of service.*